# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

James Sharkey,

    Petitioner,

v.

Brian Williams,

    Respondent.

Case No.: 2:20-cv-00253-KJD-DJA

**Order**

This is a habeas corpus case under 28 U.S.C. § 2254. In accordance with the court's February 7, 2020, order (ECF No. 3), petitioner has paid the filing fee. Thus, the habeas petition is before the court for initial review under Rule 4 of the Rules Governing Section 2254 Cases.

The petition purports to challenge a conviction on a charge of domestic violence, for which petitioner received a sentence of 2 to 5 years. The judgment of conviction was entered on March 20, 2018. Petitioner's conviction was affirmed by the Nevada Court of Appeals on March 18, 2019.[1] The petition asserts twelve grounds for habeas corpus relief, almost all of which alleged a deprivation of petitioner's constitutional right to effective assistance of counsel.

In reviewing the petition in this case and online records for the Nevada Supreme Court, it appears as if petitioner still has not completed state court exhaustion with respect to any of his claims. A federal court may not grant habeas corpus relief on a claim not exhausted in state court. 28 U.S.C. § 2254(b). The exhaustion doctrine is based on the policy of federal-state comity, and is intended to allow state courts the initial opportunity to correct constitutional

---

[1] http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=54313

deprivations. *Picard v. Conner*, 404 U.S. 270, 275 (1971). To exhaust a claim, a petitioner must fairly present the claim to the highest available state court, and must give that court the opportunity to address and resolve it. *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam); *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992).

Instead of providing exhaustion information for each individual claim, petitioner indicates in his petition that none of his claims were exhausted on direct appeal, but all of them were presented to the "appellate courts" in his state post-conviction proceeding. ECF No. 1-1 at 3. However, a review of the online records for the Nevada appellate courts indicates that his post-conviction appeal relative to the conviction he seeks to challenge herein was voluntarily dismissed.[2] Moreover, the court questions whether petitioner could have fully-litigated his post-conviction claims in state district court and the Nevada appellate courts given that his direct appeal was decided less than a year ago.[3]

The court will grant petitioner an opportunity to show cause why this action should not be dismissed on account of his failure to exhaust any of his claims in state court. If petitioner fails, within the time allowed, to make a prima facie showing that he has exhausted, in state court, one or more of the claims he asserts, this case will be dismissed. *See Rose v. Lundy*, 455 U.S. 509 (1982). In the alternative, petitioner may request stay and abeyance as provided in *Rhines v. Weber*, 544 U.S. 269 (2005). Under *Rhines*, a district court has discretion to stay a mixed or wholly unexhausted petition to allow a petitioner time to present his or her unexhausted claims to state courts. 544 U.S. at 276; *see Mena v. Long*, 813 F.3d 907, 912 (9th Cir. 2016)

---

[2] http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=57844
http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=57843

[3] In Nevada, claims of ineffective assistance of counsel are raised for the first time in a timely first post-conviction petition. *Pellegrini v. State*, 34 P.3d 519, 534 (Nev. 2001)

(holding a district court has the discretion to stay and hold in abeyance fully unexhausted petitions under the circumstances set forth in *Rhines*). This court will not grant a *Rhines* stay, however, unless "the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines*, 544 U.S. at 278.

Also submitted with petitioner's application to proceed *in forma pauperis* is a motion for appointment of counsel. ECF No. 1-2. Given the current circumstances of this case, the court is not persuaded that the "interests of justice" warrant the appointment of counsel. *See* 18 U.S.C. §3006A(a)(2)(B) (giving the district court discretion to appoint counsel when it determines that the "interests of justice" require representation). Thus the motion will be denied.

IT IS THEREFORE ORDERED that the Clerk shall separately file the habeas petition and motion for appointment of counsel currently attached to petitioner's application to proceed *in forma pauperis*. ECF No. 1. The Clerk shall also add Aaron D. Ford, Attorney General of the State of Nevada, as counsel for respondents, and electronically serve a copy of the petition and this order upon the respondents.

IT IS FURTHER ORDERED that petitioner shall have 30 days from the date of entry of this order to either (1) show cause why the court should not dismiss this action as unexhausted or (2) file a motion for stay and abeyance. Failure to respond to this order within the time allowed, or failure to make the required prima facie showing, will result in the dismissal of this action. If petitioner maintains that any claims in the petition have been exhausted, petitioner shall attach with his response copies of any and all papers that were accepted for filing in the state courts that he contends demonstrate that the claims are exhausted. All factual assertions must be specific and supported by competent evidence.

No extension of time will be granted to respond to this order except in the most compelling of circumstances.

IT IS FURTHER ORDERED that the respondents' counsel shall enter a notice of appearance within 20 days of the entry of this order, but need take no further action in the case unless and until the court so orders.

IT IS FURTHER ORDERED that petitioner's motion for appointment of counsel is DENIED.

Dated: March 6, 2020

_____
U.S. District Judge Kent J. Dawson