UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

James Sharkey,

    Petitioner,

v.

Brian Williams,

    Respondent.

Case No.: 2:20-cv-00253-KJD-DJA

**Order**

In an order entered March 6, 2020, this court questioned whether petitioner, James Sharkey, had exhausted state court remedies for any of the claims contained in his petition for writ of habeas corpus. ECF No. 5. Accordingly, the court gave Sharkey 30 days to either (1) show cause why the court should not dismiss this action as unexhausted or (2) file a motion for stay and abeyance. *Id*. On March 18, 2020, Sharkey filed a response that did not address the exhaustion issue or set forth sufficient grounds for stay and abeyance. ECF No. 9. The court takes judicial notice, however, of an order of affirmance entered by the Nevada Court of Appeals on April 27, 2020. *Sharkey v. Dzurenda*, No. 79294-COA, 2020 WL 2042968 62 P.3d 260 (Nev. App. April 27, 2020). That order establishes that Sharkey has now exhausted at least some, if not all, of his claims. *Id*. Thus, the court will direct respondents to respond to the petition.

Also pending before the court is Sharkey's "motion to supplement petition for writ of habeas corpus." ECF No. 21. With this motion, he seeks to challenge state court decisions that, according to him, denied his requests for discovery and for counsel in a pending state court proceeding. *Id*. While Sharkey's motion does not specify the nature of the state proceeding, his conviction became final in 2019. *See Sharkey v. State*, No. 75474-COA, 2019 WL 1277506 (Nev. App. Mar. 18, 2019). Thus, it stands to reason that he is referring a post-conviction relief proceeding.

Procedural errors arising during post-conviction relief proceedings are not cognizable in habeas corpus proceedings under 28 U.S.C. § 2254. *Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir.1989) (per curiam); *see also Ortiz v. Stewart*, 149 F.3d 923, 939 (9th Cir.1998) (finding that the post-convictions court's failure to appoint petitioner counsel in his second post-conviction proceedings did not constitute a basis for a federal habeas claim); *Gerlaugh v. Stewart*, 129 F.3d 1027, 1045 (9th Cir.1997) (stating that errors in the post-conviction proceeding were not cognizable in federal habeas corpus proceedings). Thus, a claim that the Nevada court erred by denying Starkey's motions for discovery and for counsel is not "addressable through habeas corpus proceedings." *Franzen*, 877 F.2d at 26. Accordingly, his motion to supplement his petition will be denied.

IT IS THEREFORE ORDERED that the respondents shall answer or otherwise respond to the petition for writ of habeas corpus (ECF No. 6) within **60 days** of the date this order is entered.

IT IS FURTHER ORDERED that if the respondents file an answer, the petitioner shall have **60 days** from the date on which the answer is served on him to file and serve a reply. If the respondents file a motion to dismiss, the petitioner shall have **60 days** from the date on which the

motion is served on him to file and serve a response to the motion to dismiss, and the respondents shall, thereafter, have **30 days** to file a reply in support of the motion.

IT IS FURTHER ORDERED that any additional state court record exhibits filed herein by either the petitioner or the respondents shall be filed with a separate index of exhibits identifying the exhibits by number. The CM/ECF attachments that are filed shall be identified by the number or numbers of the exhibits in the attachment. The hard copy of any additional state court record exhibits for this case shall be forwarded to the staff attorneys in **Reno**.

IT IS FURTHER ORDERED that petitioner's motion to supplement petition for writ of habeas corpus (ECF No. 21) is DENIED.

Dated: July 21, 2020

_____
U.S. District Judge Kent J. Dawson