# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| James Sharkey,<br><br>　　　Petitioner,<br><br>v.<br><br>Brian Williams,<br><br>　　　Respondent. | Case No.: 2:20-cv-00253-KJD-DJA<br><br>**Order** |

　　　This is a federal habeas proceeding under 28 U.S.C. § 2254 brought by James Sharkey challenging his state court conviction for battery constituting domestic violence. On December 15, 2020, Respondents filed a motion to dismiss Sharkey's petition. ECF No. 28. Respondents argue that several of Sharkey's claims are either unexhausted or fail to state a claim for federal habeas relief.

　　　Sharkey has not filed a response to the motion. By failing to respond, he consents to the court granting respondents' motion to dismiss. *See* LR 7-2(d) of the Local Rules of Civil Practice (providing that failure to file points and authorities in opposition to a motion constitutes a consent that the motion be granted). Thus, Grounds 1, 4(B), 6, 9(A)-(D), 10, 11, and 12 will be dismissed for failure to state a claim for federal habeas relief.  With those claims dismissed, respondents' exhaustion argument is moot except for Grounds 7 and 8. Their exhaustion

argument for those two claims are supported by the state court record. Thus, this court concludes that Grounds 7 and 8 are unexhausted.

For those two unexhausted claims, any remedy Sharkey may have had in state court is now foreclosed by state procedural bars found in Nev. Rev. Stat. § 34.726, § 34.800, and § 34.810. As a result, the claims are technically exhausted, but subject to the doctrine of procedural default. *See Woodford v. Ngo*, 548 U.S. 81, 93 (2006) (citing *Coleman v. Thompson*, 501 U.S. 722, 744-51 (1991) and *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996)). Accordingly, federal review of those claims is barred unless he "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law." *Coleman v. Thompson*, 501 U.S. 722, 735 n.1, 750 (1991). The court will give Sharkey the opportunity to make such a showing before dismissing Grounds 7 and 8.

IT IS THEREFORE ORDERED that the respondents' motion to dismiss (ECF No. 28) is GRANTED. Grounds 1, 4(B), 6, 9(A)-(D), 10, 11, and 12 are dismissed for failure to state a claim for federal habeas relief.

IT IS FURTHER ORDERED that petitioner has 30 days from the date of this order to demonstrate that this court should excuse the procedural default of Grounds 7 and 8. Respondents shall thereafter have 30 days to file a response.

IT IS FURTHER ORDERED that respondents' motions for extension of time (ECF Nos. 25, 26, 27) are GRANTED *nunc pro tunc* as of their respective filing dates.

Dated: June 9, 2021

_____
U.S. District Judge Kent J. Dawson