# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| James Sharkey, | Case No.: 2:20-cv-00253-KJD-DJA |
|      Petitioner, | |
| v. | **Order** |
| Brian Williams, et al., | |
|     Respondents. | |

Before the court for a decision on the merits is a petition for a writ of habeas corpus filed by James Sharkey, a former prisoner of the Nevada Department of Corrections. ECF No. 6. For reasons that follow, the petition will be denied.

I.       BACKGROUND

In January 2018, Sharkey stood trial in the Eighth Judicial District Court for Nevada on a charge of battery constituting domestic violence in relation to an incident that occurred in May 2016. Sharkey was accused of grabbing his wife, Andrea, by the waist and pushing her. Sharkey represented himself at trial with the assistance of stand-by counsel. After a three-day trial at which both Andrea and Sharkey testified, the jury returned a verdict of guilty. The court subsequently adjudged Sharkey guilty of a category C felony for his third conviction within seven years. He was sentenced to 24-60 months, with 401 days credit for time served.

Sharkey appealed his conviction. The Nevada Court of Appeals affirmed. In April 2019, Sharkey filed a petition for writ of habeas corpus in the state district court. The court dismissed several claims as procedurally barred and denied on the merits Sharkey's claims of ineffective assistance of appellate counsel. Sharkey appealed.

Prior to a decision on his post-conviction appeal, Sharkey initiated this federal habeas proceeding on or about January 29, 2020, by submitting a petition containing twelve claims. In its screening order, this court questioned whether Sharkey had exhausted state court remedies for any of the claims. Accordingly, the court gave Sharkey 30 days to either (1) show cause why the court should not dismiss this action as unexhausted or (2) file a motion for stay and abeyance. Sharkey filed a response that did not address the exhaustion issue or set forth sufficient grounds for stay and abeyance.

Nonetheless, the court took judicial notice of an order of affirmance entered by the Nevada Court of Appeals on April 27, 2020. *Sharkey v. Dzurenda*, No. 79294-COA, 2020 WL 2042968 62 P.3d 260 (Nev. App. April 27, 2020). That order established that Sharkey had exhausted at least some of his claims. *Id*. The court directed respondents to respond to the petition.

In December 2020, respondents filed a motion to dismiss to which Sharkey did not respond. In granting the motion, the court dismissed several grounds for failure to state a claim for relief and directed Sharkey to show cause why two additional grounds should not be dismissed as procedurally defaulted. When Sharkey again failed to respond, the court dismissed those grounds and gave Sharkey 30 days to show cause why his case should not be dismissed with prejudice under Fed. R. Civ. P. 41(b) due to his failure to respond to court orders or file anything for over a year.

When Sharkey filed a response to that order, the court ordered respondents to file an answer to Sharkey's remaining grounds for relief – i.e., Grounds 2, 3, 4(A) and 5, which all allege ineffective assistance of appellate counsel. The respondents filed an answer, in response to which Sharkey has filed a reply.

II.     STANDARD OF REVIEW

This action is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA), which sets forth the following standard of review:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A decision of a state court is "contrary to" clearly established federal law if the state court applies a rule that contradicts the governing law set forth in Supreme Court cases or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id*. at 409. "[A] federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id*. at 411.

The Supreme Court has explained that "[a] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-*

*El v. Cockrell*, 537 U.S. 322, 340 (2003). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010) (quoting *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per curiam)). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id*. (citing *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003)); *see also Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (describing the AEDPA standard as "a difficult to meet and highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt") (internal quotation marks and citations omitted).

"[A] federal court may not second-guess a state court's fact-finding process unless, after review of the state-court record, it determines that the state court was not merely wrong, but actually unreasonable." *Taylor v. Maddox*, 366 F.3d 992, 999 (9th Cir. 2004), *overruled on other grounds by Murray v. Schriro*, 745 F.3d 984, 999–1000 (9th Cir. 2014).; *see also Miller-El*, 537 U.S. at 340 ("[A] decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding, § 2254(d)(2).").

Because de novo review is more favorable to the petitioner, federal courts can deny writs of habeas corpus under § 2254 by engaging in de novo review rather than applying the deferential AEDPA standard. *Berghuis v. Thompkins*, 560 U.S. 370, 390 (2010).

III.     DISCUSSION

Ineffective assistance of appellate counsel is evaluated under the *Strickland* standard. *See Smith v. Murray*, 477 U.S. 527, 535–36 (1986). In *Strickland*, the Supreme Court propounded a two-prong test for analyzing claims of ineffective assistance of counsel: a petitioner claiming ineffective assistance of counsel must demonstrate (1) that the defense attorney's representation "fell below an objective standard of reasonableness," and (2) that the attorney's deficient performance prejudiced the defendant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984)

A.     Ground Two

In Ground Two, Sharkey alleges appellate counsel was ineffective by failing to argue that his domestic violence conviction in 2010 could not be used to enhance his current conviction to a felony. He contends that the State failed to show that his attorney was present when he signed an admonishment of rights form in the 2010 case. Sharkey notes that the form does not include the attorney's name, initials, or bar number. He further alleges that all the handwriting on the form was his because his attorney was not present when he signed the form.

In addressing the issue in Sharkey's state post-conviction proceeding, the Nevada Court of Appeals decided as follows:

> Sharkey claimed appellate counsel was ineffective for failing to argue the State failed to prove he was represented by counsel during one of his prior misdemeanor convictions. Specifically, he claims that he initialed both portions of the form where it said he was represented by counsel and he was not represented by counsel. Further, while there is a signature in the signature line for an attorney, instead of putting his or her bar number on the next line, the person put the date. Therefore, Sharkey states this document does not show on its face that he was represented by counsel.

1
2
3
4

    Sharkey did not properly object to his prior conviction on. this ground
    before the trial court; therefore, had appellate counsel raised this claim, it would
    have been subject to plain error analysis. *See Jeremias v. State*, 134 Nev. 46, 50,
    412 P.3d 43, 48-49 (2018), *cert. denied*, 139 S. Ct. 415 (Oct. 29, 2018). To
    demonstrate plain error, Sharkey would have had to show there was an error, the
    error was plain or clear, and the error affected his substantial rights. *See id*. at 50,
    412 P.3d at 48.

5
6
7
8
9

    The district court found that Sharkey initialed the portion of the form that
    said he was represented by counsel. The form shows that the initials in the box for
    not being represented by counsel were crossed out. Further, there is an attorney's
    signature in the signature line. Therefore, the district court found that Sharkey
    failed to demonstrate any error and failed to demonstrate this claim would have
    had a reasonable probability of success on appeal. Thus, the district court
    concluded appellate counsel was not ineffective for failing to raise this claim on
    appeal. The record supports the findings of the district court, and we conclude the
    district court did not err by denying this claim without first conducting an
    evidentiary hearing.

10

11 ECF No. 36-17 at 4-5.

12      In addressing Sharkey's ineffective assistance of appellate counsel claims, the Nevada

13 Court of Appeals correctly identified *Strickland* as the controlling federal law. *Id*. at 2. The state

14 court record supports the state court's findings of fact for this claim. ECF No. 32-33 at 11-12. In

15 addition, the initialed portion of the form confirming that Sharkey was represented by counsel

16 also states: "My attorney has fully discussed these matters with me and advised me about my

17 legal rights." *Id*. at 12. Also, Sharkey's allegation that all the handwriting on the form was his is

18 belied by the presence of the attorney's signature.

19      Sharkey has not shown that his conviction was improperly enhanced due to his attorney's

20 alleged absence when he signed the admonishment of rights form. Thus, there is not a reasonable

21 probability that an argument based on such a claim would have resulted in a more favorable

22 outcome. Accordingly, the Nevada Court of Appeals' rejection of Sharkey's ineffective

23 assistance of appellate counsel claim was neither an unreasonable application of clearly

6

established federal law, nor an unreasonable determination of the facts in light of the evidence

presented. 28 U.S.C. § 2254(d).

Ground Two is denied.

B.      Ground Three

In Ground Three, Sharkey alleges appellate counsel was ineffective by failing to argue

that the alleged victim entered his home without his consent, conducted an illegal search,

discovered letters addressed to his roommate, and seized the letters after obtaining permission

from the district attorney. The letters were used at trial to impeach Sharkey's testimony.

According to Sharkey, "the letters were the District Attorneys [sic] fruit of conspiracy to trespass

and commit burglary." ECF No. 6 at 6.

In addressing the issue in Sharkey's state post-conviction proceeding, the Nevada Court

of Appeals decided as follows:

> Sharkey claimed appellate counsel was ineffective for failing to argue that
> the trial court erred by denying his motion to suppress. Specifically, he claimed
> the letters found in his home that he wrote to his roommate should have been
> suppressed because the victim in this case acted under "the color of law" when
> she entered his home, found the letters, and turned them over to the State.

> Here, the district court found that the victim entered the home to retrieve
> her belongings, not to conduct a search on behalf of the State. While retrieving
> her belongings, she found the letters and then contacted the district attorney's
> office. She was instructed to make copies of the letters and turn them over to the
> office. The district court found that because the victim did not enter the home and
> conduct a search at the request of the State, she was not a "state actor" or "acting
> under the color of law" and the evidence did not need to be suppressed. Therefore,
> the district court concluded Sharkey failed to demonstrate this claim had a
> reasonable probability of success on appeal and appellate counsel was not
> ineffective for failing to pursue this claim.

> The record supports the findings and conclusions of the district court.
> "The Fourth Amendment simply does not apply where evidence is discovered and
> turned over to the government by private citizens." *Radkus v. State*, 90 Nev. 406,
> 408 , 528, P.2d 697, 698 (1974). Accordingly, we conclude the district court did
> not err by denying this claim without first conducting an evidentiary hearing.

1   ECF No. 36-17 at 5-6.

2          Here again, the state court record supports the state court's findings of fact. At trial,

3   Andrea testified to the following facts. After going through mediation, she and Sharkey got back

4   together and, starting in December 2016, lived together for about six weeks before she left due to

5   Sharkey's constant verbal abuse. ECF No. 31-20 at 251-52. When she returned to the residence a

6   couple of days later to retrieve her belongings, she found open letters addressed to Sharkey's

7   roommate that were written by Sharkey while he was in jail. *Id*. at 252-53, 255-57. After

8   contacting the district attorney's office, she used a friend's phone to scan the letters and send

9   them to the district attorney. *Id*. at 261-62.

10          There is no evidence in the record that Andrea was acting on behalf of the State at any

11   time prior to sending the letters. The Nevada Court of Appeals' holding that Sharkey's Fourth

12   Amendment rights were not violated is well-supported by Supreme Court precedent. *See United*

13   *States v. Jacobsen*, 466 U.S. 109, 113 (1984) ("This Court has … consistently construed [Fourth

14   Amendment] protection as proscribing only governmental action; it is wholly inapplicable to a

15   search or seizure, even an unreasonable one, effected by a private individual not acting as an

16   agent of the Government or with the participation or knowledge of any governmental official."

17   (Internal quotation marks and citations omitted.)). Consequently, there is not a reasonable

18   probability that an argument challenging the admission of Sharkey's letters would have resulted

19   in a more favorable outcome. Accordingly, the Nevada Court of Appeals' rejection of Sharkey's

20   ineffective assistance of appellate counsel claim was neither an unreasonable application of

21   clearly established federal law, nor an unreasonable determination of the facts in light of the

22   evidence presented. 28 U.S.C. § 2254(d).

23          Ground Three is denied.

C.      Ground Four(A)

In Ground Four(A), Sharkey alleges appellate counsel was ineffective by failing to argue that the State had violated his rights by failing to provide him with ""high-definition zoom-in" technology for photos of the alleged victim's injuries. ECF No. 6 at 7. According to Sharkey, such technology would have provided him with exculpatory evidence because enhancement of the photos would have supported his theory that the injuries were self-inflicted. He further claims that, by not providing him with the technology, the State prevented him from retaining an expert witness to support the theory.

In addressing the issue in Sharkey's state post-conviction proceeding, the Nevada Court of Appeals decided as follows:

> Sharkey claimed appellate counsel was ineffective for failing to argue the State withheld *Brady*[1] material from him. Specifically, he argued the State only gave him paper copies of the photographs of the victim. "[T]here are three components to a *Brady* violation: the evidence at issue is favorable to the accused; the evidence was withheld by the state, either intentionally or inadvertently; and prejudice ensued, i.e., the evidence was material." *Mazzan v. Warden*, 116 Nev. 48, 67, 993 P.3d 25, 37 (2000).
>
> The district court found the evidence was not withheld because the State provided Sharkey with copies of the photographs. Therefore, the district court concluded Sharkey failed to demonstrate this claim would have had a reasonable probability of success on appeal. The record supports the district court's finding, and we conclude the district court did not err by denying this claim without first conducting an evidentiary hearing.
>
> _____
>
> [1] *Brady v. Maryland*, 373 U.S. 83 (1963).

ECF No. 36-17 at 6 (footnote omitted).

*Brady* requires the government to disclose "material, exculpatory, or otherwise helpful" evidence." *United States v. Cano*, 934 F.3d 1002, 1023 (9th Cir. 2019). "Any evidence that would tend to call the government's case into doubt is favorable for *Brady* purposes." *Milke v.*

1   *Ryan*, 711 F.3d 998, 1012 (9th Cir. 2013) (citing *Strickler v. Greene*, 527 U.S. 263, 290 (1999)).

2   As the Nevada Court correctly noted, there are three elements to a *Brady* violation: (1) "the

3   evidence at issue must be favorable to the accused, either because it is exculpatory, or because it

4   is impeaching;" (2) "that evidence must have been suppressed by the State, either willfully or

5   inadvertently"; and (3) "prejudice must have ensued." *Strickler*, 527 U.S. at 281–82; *see also*

6   *United States v. Bagley*, 473 U.S. 667, 676 (1985).

7        In addressing Sharkey's Brady claim in his state post-conviction proceeding, the state

8   district court stated as follows:

9          Defendant's <u>Brady</u> claim fails. First, the evidence was not exculpatory. In
fact, as Defendant admits, the photographs of the victim revealed injuries to her
10   right knuckles, right knee, and inner thighs. <u>Petition</u> at 9. Far from being
exculpatory, this evidence supported the victim's account that Defendant attacked
11   her. Second, Defendant's claim that these photographs were "withheld" by the
State is belied by the record. <u>Hargrove</u>, 100 Nev. at 502, 686 P.2d at 225.
12   Defendant admits that color copies of this particular evidence were turned over;
his only complaint is that at trial, the State magnified the images for the jury's
13   viewing. <u>Petition</u> at 9; <u>Memo</u> at 10. Defendant could have obtained a similar
enhancement. As such, he cannot establish that evidence was withheld. Third, this
14   evidence was not material because the State disclosing the photographs in their
non-magnified state did not prejudice the Defendant. In fact, Defendant admits
15   that in the copies he received, he could see some of the victim's injuries –
including a scratch below her navel. <u>Memo</u> at 10. How knowledge that there were
16   more injuries would have helped Defendant establish his baseless claim that the
injuries were "self-inflicted" is not explained. <u>Memo</u> at 11. Regardless, given that
17   he admits to being on notice of at [least some of] the victim's injuries prior to
seeing them magnified at trial, Defendant has not established he was in any way
18   prejudiced by not receiving enhanced copies of these photographs.

19   ECF No. 33-32 at 9-10 (footnote omitted).

20        The state court's findings of fact are presumed to be correct. See 28 U.S.C. §2254(e)(1).

21   Sharkey has "the burden of rebutting the presumption of correctness by clear and convincing

22   evidence." *Id*. He has not done so. In addition, he has not presented any evidence to support his

23   claim that an expert witness would have been able to provide favorable testimony if the State had

1  provided him with enhanced versions of the photographs. *See Grisby v. Blodgett*, 130 F.3d 365,

2  373 (9th Cir. 1997) (speculation about what an expert could have said is not enough to establish

3  *Strickland* prejudice). In the absence of any demonstration of prejudice, Sharkey's underlying

4  *Brady* claim has no merit. Accordingly, he cannot demonstrate that appellate counsel was

5  ineffective for failing to raise the claim.

6      Ground Four(A) is denied.

7          D.    Ground Five

8      In Ground Five, Sharkey alleges appellate counsel was ineffective by failing to argue that

9  the State failed to meet its burden of proving that his second domestic violence conviction in

10  2014 was constitutionally valid for felony enhancement purposes. He notes that he informed the

11  trial court at his sentencing hearing that the 2014 conviction had been negotiated down to a first

12  offense. He further alleges that, when he entered his guilty plea in the 2014 case, the court did

13  not warn him that a subsequent conviction could be considered a felony and "stat[ed] future

14  penalties would be a '2nd and 3rd.'" ECF No. 6 at 8. He contends that the admonishment of rights

15  form in the 2014 case "did not disclose that enhancement is 'without regard to [the] sequence'

16  which is a constitutional infirmity." *Id*.

17      In addressing the issue in Sharkey's state post-conviction proceeding, the Nevada Court

18  of Appeals decided as follows:

19          Sharkey claimed appellate counsel was ineffective for failing to argue his
        2014 misdemeanor battery constituting domestic violence conviction did not
20      qualify to enhance his current conviction to a felony. Sharkey argued he pleaded
        his second offense down to a first offense and was told by his attorney and the
21      State that it could not be used to enhance a future domestic violence to a felony.

22          At sentencing, Sharkey challenged his 2014 conviction arguing that he
        pleaded guilty to a first offense battery constituting domestic violence and he was
23      not informed it could be used to enhance his next battery constituting domestic
        violence to a felony. He did not argue that the State told him his 2014 conviction

11

could not be used to enhance his next conviction to a felony and nothing in the record supports this assertion. Therefore, appellate counsel was limited on appeal to arguing that Sharkey was not informed his 2014 conviction could be used to enhance his next conviction to a felony.

The district court found Sharkey was informed, at the time he pleaded guilty in 2014, of the penalties for first, second, and third battery constituting domestic violence. And Sharkey was informed in the 2014 "Admonishment of Rights" that by pleading to this offense, Sharkey "understand[s] the State will use this conviction, and any other prior conviction from this or any other state which prohibits the same or similar conduct, to enhance the penalty for any subsequent offense." Based on this, the district court concluded Sharkey was given appropriate clarification and warning of possible future enhancements. *See State v. Second Judicial Dist. Court (Kephart)*, 134 Nev. 384, 392, 421 P.3d 803, 808-09 (2018). Therefore, the district court also concluded that Sharkey failed to demonstrate this claim would have a reasonable probability of success on appeal. The record supports the district court's findings, and we conclude the district court did not err by denying this claim without first conducting an evidentiary hearing.

ECF No. 36-17 at 3-4.

Once again, the state court record supports the state court's findings of fact for this claim. ECF No. 31-33 at 17-18; ECF No. 32-6 at 15. Sharkey does not dispute that he signed the admonishment of rights form quoted by the Nevada Court of Appeals when he entered his guilty plea for his second conviction. So, the form put him on notice that a subsequent conviction could be considered a felony even the state court did not mention it in accepting his 2014 guilty plea. The transcript of the plea provides no support for a finding that the court misrepresented the consequences of a subsequent domestic violence conviction. ECF No. 31-33 at 23-28. And, Sharkey has not otherwise shown that the state court misled him. Finally, by signing the admonishment of rights form, Sharkey "specifically acknowledged" that the State could use the 2014 conviction and any prior convictions to enhance a third offense to a felony even if the form

did not specifically state that enhancement is "without regard to the sequence"[1] of the convictions. *See Kephart*, 421 P.3d at 808.

Sharkey has not shown that his conviction should not have been elevated to a felony because his second domestic violence conviction was not constitutionally valid for enhancement purposes. Given that the facts in his case are mirrored by the facts in *Kephart*, there is not a reasonable probability that an argument based on such a claim would have resulted in a more favorable outcome. Accordingly, the Nevada Court of Appeals' rejection of Sharkey's ineffective assistance of appellate counsel claim was neither an unreasonable application of clearly established federal law, nor an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d).

Ground Five is denied.

IV.     CONCLUSION

For the reasons set forth above, Sharkey's petition for habeas relief is denied.

*Certificate of Appealability*

This is a final order adverse to the petitioner. As such, Rule 11 of the Rules Governing Section 2254 Cases requires this court to issue or deny a certificate of appealability (COA). Accordingly, the court has sua sponte evaluated the claims within the petition for suitability for the issuance of a COA. *See* 28 U.S.C. § 2253(c); *Turner v. Calderon*, 281 F.3d 851, 864-65 (9th Cir. 2002).

Pursuant to 28 U.S.C. § 2253(c)(2), a COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." With respect to claims rejected on

---

[1] This phrase appears in Nev. Rev. Stat. § 200.485, which states the penalties for convictions for battery constituting domestic violence.

the merits, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). For procedural rulings, a COA will issue only if reasonable jurists could debate (1) whether the petition states a valid claim of the denial of a constitutional right and (2) whether the court's procedural ruling was correct. *Id*. Having reviewed its determinations and rulings in adjudicating Sharkey's petition, the court declines to issue a certificate of appealability for its resolution of any procedural issues or any of Sharkey's habeas claims.

IT IS THEREFORE ORDERED that Sharkey's petition for a writ of habeas corpus (ECF No. 6) is DENIED. The Clerk of Court is directed to enter judgment accordingly and close this case.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

IT IS FURTHER ORDERED that respondents' motion for extension of time  (ECF No. 67) is GRANTED *nunc pro tunc* as of February 22, 2022.

Dated: July 19, 2022.

_____
U.S. District Judge Kent J. Dawson